■ In the Matter of TYWAN D., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Torres, J.), dated March 13, 1986, which, upon a fact-finding order of the same court dated October 12, 1985, made after a hearing and a finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and criminal possession of stolen property, placed him with the New York State Division for Youth, Title III, for 18 months. This appeal brings up for review the fact-finding order dated October 12, 1985, and so much of an order dated September 30, 1985, as, upon reargument, reversed a prior order and denied, without a hearing, that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the appeal is held in abeyance and the matter is remitted to the Family Court, Queens County, for the purpose of conducting a *Wade* hearing in accordance herewith. The Family Court shall conduct the hearing and file a report containing its findings and conclusions with respect thereto in this court with all convenient speed.

The Family Court originally granted the appellant a *Wade* hearing on the issue of the claimed suggestiveness of the showup which took place at the complainant's school and at which the complainant identified the appellant Tywan D. and another individual. Prior to taking hearing testimony, the court reconsidered its decision and entertained oral argument, following which the court reversed itself and denied the appellant's request. This was error. The record presents questions of fact concerning police involvement in the showup and whether the school officials were acting as agents for the police (see, *People v Ray,* 65 NY2d 282).

In light of this determination, we do not pass on the appellant's other contention at this time. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.